1
2
3
4
5

6                   UNITED STATES DISTRICT COURT

7                         DISTRICT OF NEVADA

8                                 * * *

| | |
|---|---|
| 9 ALBERT G. SILVESTRE, | Case No. 2:14-cv-01385-RFB-NJK |
| 10 Plaintiff, | **ORDER** |
| 11 v. | Defendants Bank of America, N.A. and Federal Home Loan Mortgage Corporation's Motion to Dismiss (ECF No. 7) |
| 12 MTC FINANCIAL, INC., BAC HOME LOANSSERVICING, L.P., FEDERAL HOME | |
| 13 LOANMORTGAGE CORP., | Defendant MTC Financial, Inc.'s Motion to Dismiss (ECF No. 17) |
| 14 Defendants. | |
| 15 | Plaintiff's Motions for Summary Judgment (ECF Nos. 22 and 40) |

16    **I.      INTRODUCTION**

17          This matter is before the Court on two motions to dismiss by Bank of America, N.A.[1]

18    ("BANA") and Federal Home Loan Mortgage Corporation ("Freddie Mac") (ECF No. 7) and

19    MTC Financial, Inc. ("MTC") (ECF No. 17), as well as two motions for summary judgment by

20    Plaintiff Silvestre (ECF Nos. 22 and 40). This case arises from the alleged wrongful foreclosure

21    of Mr. Silvestre's home, which led to a trustee's sale on January 10, 2012 and Mr. Silvestre's

22    eventual eviction on July 29, 2013. For the reasons set forth below, Defendants' Motions to

23    Dismiss (ECF Nos. 7 and 17) are granted, Defendant MTC's Motion to Dismiss is denied

24    without prejudice, and Plaintiff's Motions for Summary Judgment is denied as moot.

25

26    **II.     BACKGROUND**

27    _____

28          [1] BAC Home Loans Servicing merged with and into Bank of America, N.A. (BANA) in 2011; therefore BANA is the proper defendant in this case. See Mot. Dismiss, ECF No. 7, n.1.

## A.  Facts

The Plaintiff alleges the following in his Complaint. ECF No. 1. On or about June 3, 1999, Plaintiff was granted a deed to 2945 Maverick Street, Las Vegas, Nevada 89108-3907 ("the Property"). Compl. ¶ 8.

Defendant MTC caused a Default and Election to Sell to be recorded on November 30, 2009. Id. at ¶ 9. Defendant MTC caused a Notice of Trustee Sale to be recorded on December 11, 2011. Id. at ¶ 10. On January 10, 2012, Defendant MTC had the Property sold at public auction to Defendant Freddie Mac. Id. at ¶ 1.

Plaintiff filed a Complaint against Defendant BANA in state court on January 31, 2012 seeking to stay eviction proceedings on the Property and filed a related lis pendens ("the First Action"). Id. at ¶¶ 12-13. On March 13, 2012, Defendant BANA removed the case to federal court. Id. at ¶ 15. On December 19, 2012, a Notice of Dismissal was filed. Id. at ¶ 17

On March 22, 2012, after the First Action had been removed to federal court, Defendant Freddie Mac filed a Complaint for Unlawful Detainer against Plaintiff in state court. Id. at ¶ 16. A notice of dismissal was filed in that case. Id. at ¶ 17.

On May 30, 2013, approximately five months after the First Action was dismissed, Defendant Freddie Mac filed a second Complaint for Unlawful Detainer against Plaintiff in state court ("the Unlawful Detainer Action"). Id. at ¶ 18. On July 25, 2013, an Order Granting Temporary Writ of Restitution was entered in that matter. Id. at ¶ 19. On July 26, 2013, Defendant Freddie Mac issued an eviction order, which was executed on July 29, 2013. Id. at ¶ 20.

Based on the facts alleged above, Plaintiff contends that the proceedings in state court mentioned above (the actions on March 22, 2012 and May 30, 2013) are "null in void in that the state courts were without jurisdiction to proceed" because the case Plaintiff originally brought in state court was removed. Id. at ¶¶ 21-24. Plaintiff alleges the following causes of action: 1) To set aside Trustee's sale; 2) Wrongful foreclosure; 3) To Void or Cancel Trustee's Deed Upon Sale; 4) To Void or Cancel Assignment of Deed of Trust; 5) Unjust Enrichment; 6) Quiet Title; 7) Slander of Title.

**B. Procedural History**

This case was removed by Federal Home Loan Mortgage Corp (Freddie Mac) on August 26, 2014. ECF No. 1. On September 5, 2014, Defendant Freddie Mac filed a Motion to Dismiss. ECF No. 7. On September 23, 2014, Defendant MTC filed a Motion to Dismiss. ECF No. 17

On October 22, 2014, Plaintiff filed a Motion for Summary Judgment. ECF No. 22. Plaintiff filed a second Motion for Summary Judgment on February 26, 2015. ECF No. 40.

**III. LEGAL STANDARD**

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but merely asserting "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted). In sum, at the motion to dismiss stage, "[t]he issue is not whether a plaintiff will ultimately prevail but whether [he] is entitled to *offer* evidence to support the claims." Cervantes v. City of San Diego, 5 F.3d 1273, 1274-75 (9th Cir. 1993) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)) (emphasis in original).

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (citation and internal quotation marks omitted). If the district court relies on materials outside the

pleadings submitted by either party to the motion to dismiss, the motion must be treated as a Rule 56 motion for summary judgment. Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). Two exceptions to this rule exist. First, the court may consider extrinsic material "properly submitted as part of the complaint," meaning documents either attached to the complaint or upon which the plaintiff's complaint necessarily relies and for which authenticity is not in question. Lee, 250 F.3d at 688 (citation omitted). Second, the court "may take judicial notice of matters of public record." Id. (citation and internal quotation marks omitted).

## IV.   DISCUSSION

### A.  Plaintiff's Causes of Action vs. Request for Remedies

As an initial matter, the Court finds that the following causes of action are in fact requests for relief and should therefore be dismissed: 1) "Set aside trustee's sale;" 2) "Void or Cancel Trustee's Deed;" 3) "Void or Cancel Assignment of Deed of Trust."

Therefore, the Court finds the following four causes of action to be proper causes of action in the complaint: 1) Wrongful foreclosure; 2) Unjust Enrichment; 3) Quiet Title; and 4) Slander of Title.

### B.  Defendants BANA and Freddie Mac's Motion to Dismiss

Defendants make two arguments in their motion to dismiss under Rules 12(b)(6) and 12(b)(7). First, they argue that Plaintiff's argument that the state court had jurisdiction to rule over the Unlawful Detainer Action; therefore, Plaintiff's claims in this action are barred by res judicata because of the state court's decision in the Unlawful Detainer Action. Second, Defendants contend that Plaintiff did not properly join a necessary party. Because the Court finds that Plaintiff has failed to state a cognizable legal claim, the Court grants Defendants' Motion to Dismiss under Rule 12(b)(6) and does not address Defendants' argument under Rule 12(b)(7).

#### 1.  The Unlawful Detainer Action

Defendants argue that the removal of the First Action did not divest the state court of jurisdiction to adjudicate the Unlawful Detainer Action, which was brought by Freddie Mac on

May 30, 2013, approximately five months after the First Action was dismissed. Mot. Dismiss at 6. Defendants further argue that removal of the First Action could not have prevented the foreclosure sale because the sale occurred prior to Plaintiff's filing of the First Action. Id. The Court finds that the state court had jurisdiction given that the First Action's removal did not divest the state court of jurisdiction on an action filed after the First Action was dismissed; therefore, the Court does not address Defendants' second argument.

Plaintiff's claims are based on a single argument: that the state court lacked jurisdiction over the Unlawful Detainer action, because removal of the First Action deprived the state court of jurisdiction over the property. Compl. ¶¶ 21-24; Opp. Brief at 3.

28 U.S.C. § 1446(d) states that, following removal of an action to federal court, "the State court shall proceed no further unless and until the case is remanded." The Supreme Court has held that "[i]t is settled that where a federal court has first acquired jurisdiction of the subject-matter of a cause, it may enjoin the parties from proceeding in a state court of concurrent jurisdiction where the effect of the action would be to defeat or impair the jurisdiction of the federal court. Where the action is in rem the effect is to draw to the federal court the possession or control, actual or potential, of the res, and the exercise by the state court of jurisdiction over the same res necessarily impairs, and may defeat, the jurisdiction of the federal court already attached." Kline v. Burke Const. Co., 260 U.S. 226, 229 (1922) (emphasis added).

The Ninth Circuit has also acknowledged that "[u]nder the Supreme Court's long-standing prior exclusive jurisdiction doctrine, if a state or federal court 'has taken possession of property, or by its procedure has obtained jurisdiction over the same,' then the property under that court's jurisdiction 'is withdrawn from the jurisdiction of the courts of the other authority as effectually as if the property had been entirely removed to the territory of another sovereign.'" Sexton v. NDEX W., LLC, 713 F.3d 533, 536 (9th Cir. 2013) (quoting State Engineer v. S. Fork Band of Te–Moak Tribe of W. Shoshone Indians, 339 F.3d 804, 809 (9th Cir.2003)).

In this instance, the Court finds that after the removal of the First Action to federal court, the case was dismissed on December 19, 2012. Approximately five months after the case was dismissed, Freddie Mac initiated the Unlawful Detainer Action in state court on May 30, 2012

1   regarding the same property. Therefore, the state court was not divested of jurisdiction under the

2   doctrine of concurrent or prior exclusive jurisdiction, because the removed action was dismissed

3   prior to the filing of the Unlawful Detainer Action.

4        The Defendants argue that, given that the state court had jurisdiction over the Unlawful

5   Detainer Action, Plaintiff's claims are barred by res judicata.

6        However, for the reasons stated below, the Court finds that Plaintiff has failed to state a

7   cognizable claim and grants the Defendants' motion to dismiss under Federal Rules of Civil

8   Procedure 12(b)(6). Therefore, the Court does not address whether or not res judicata bars the

9   Plaintiff's claims.

10                    *2.   Wrongful foreclosure*

11       Wrongful foreclosure claims do not require particular elements, since a party may

12   challenge a foreclosure sale in various ways. Case law in Nevada provides that, generally: "An

13   action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at

14   the time the power of sale was exercised or the foreclosure occurred, no breach of condition or

15   failure of performance existed on the mortgagor's or trustor's part which would have authorized

16   the foreclosure or exercise of the power of sale … [T]he material issue of fact in a wrongful

17   foreclosure claim is whether the trustor was in default when the power of sale was exercised."

18   Collins v. Union Fed. Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev. 1983).

19       The basis of Plaintiff's wrongful foreclosure claims is that "Defendants never had the

20   legal authority to foreclose, i.e., the authority to exercise the power of sale, because the state

21   courts had been divested of all jurisdiction by virtue of the removal to federal court.

22   Consequently the non-judicial foreclosure sale was void *ab initio*." Compl. ¶ 30.

23       Because the Court finds that the state court did have jurisdiction over the Unlawful

24   Detainer Action, and Plaintiff has not alleged any other basis for his wrongful foreclosure claim,

25   the Court dismisses Plaintiff's claim with leave to amend.

26       The Court therefore will not address whether Plaintiff is time-barred by statute of

27   limitations under N.R.S. § 107.080(5), which provided that a challenge to a non-judicial

28   foreclosure must be brought within 90 days after the date of the sale.

### 3.  *Unjust Enrichment*

The Nevada Supreme Court has held that "[u]njust enrichment occurs whenever a person has and retains a benefit which in equity and good conscience belongs to another." Unionamerica Mortgage & Equity Trust v. McDonald, 626 P.2d 1272, 1273 (Nev. 1981).

The elements of unjust enrichment are: 1) when the plaintiff confers a benefit on the defendant, 2) the defendant appreciates such benefit, and 3) there is "acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof." Certified Fire Prot. Inc. v. Precision Constr., 283 P.3d 250, 257 (Nev. 2012).

The Plaintiff states that "[b]y their wrongful acts and omissions, the foreclosing Defendants have been unjustly enriched at the expense of Plaintiff, and thus Plaintiff has been unjustly deprived." Compl. ¶ 39. Because Mr. Silvestre fails to identify what benefit he conferred on the Defendants, the Court finds that he has failed to state an unjust enrichment claim. The Court therefore dismisses the unjust enrichment claim without leave to amend, as amendment of this claim would be futile.

### 4.  *Quiet Title*

NRS 40.010 governs Nevada quiet title actions and provides: "An action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim."

Like wrongful foreclosure, "[a] plea to quiet title does not require any particular elements, but 'each party must plead and prove his or her own claim to the property in question' and a 'plaintiff's right to relief therefore depends on superiority of title.'" Chapman v. Deutsche Bank Nat'l Trust Co., 302 P.3d 1103, 1106 (Nev. 2013) (quoting Yokeno v. Mafnas, 973 F.2d 803, 808 (9th Cir.1992)).

"In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself … [T]here is a presumption in favor of the record titleholder." Breliant v. Preferred Equities Corp., 918 P.2d 314, 318 (Nev. 1996).

. . .

1    Plaintiff states that he is the equitable owner of the property on the basis of the state

2    court's lacking jurisdiction over the Unfair Detainer Action. Compl. ¶ 41-42. Having rejected

3    this argument, the Court finds that the Plaintiff has failed to state a quiet title claim and dismisses

4    this claim with leave to amend.

5                                   *5.  Slander of Title*

6    "The requisites to an action for slander of title are that the words spoken be false, that

7    they be maliciously spoken and that the plaintiff sustain some special damage as a direct and

8    natural result of their having been spoken." Rowland v. Lepire, 662 P.2d 1332, 1335 (Nev. 1983)

9    (citations omitted).

10   Plaintiff alleges that "Defendants, wrongfully and without privilege, have published

11   matters or caused matters to be published that they were the current owners of the subject

12   property which is untrue and disparaging to Plaintiff's Interest In the subject property." Compl. ¶

13   47.

14   The Court finds that Plaintiff has not alleged the necessary elements for a slander of title

15   cause of action. Plaintiff has not alleged facts that show: that Defendants made false statements;

16   that Defendants' declarations were maliciously spoken; or that Plaintiff suffered special damages

17   as a result of the allegedly false statements. Therefore the Court dismisses the slander of title

18   claim without leave to amend as amendment would be futile.

19   . . .

20   . . .

21   . . .

22   . . .

23   . . .

24   . . .

25   . . .

26   . . .

27   . . .

28   . . .

**V.      CONCLUSION**

For the reasons stated above,

**IT IS ORDERED** that Defendants BANA and Freddie Mac's Motion to Dismiss (ECF No. 7) is GRANTED. The Court further GRANTS Plaintiff **30 days** for leave to amend his Complaint.

**IT IS FURTHER ORDERED** that Defendant MTC's Motion to Dismiss (ECF No. 17) is DENIED without prejudice with leave to refile upon the refiling of an Amended Complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Summary Judgment (ECF Nos. 22 and 40) are DENIED as moot.

Dated: October 2, 2015.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**